## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.: 20-CV-1668

JAVIER GARCIA, an individual,

       Plaintiff,

v.

PROFESSIONAL FINANCE COMPANY, INC., a Colorado corporation,

       Defendant.

## COMPLAINT

### INTRODUCTION

1. This is an action for statutory damages brought by Javier Garcia, an individual consumer (the "**Plaintiff**"), against Professional Finance Company, Inc., a Colorado corporation (the "**Debt Collector**"), for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter, "**FDCPA**"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### JURISDICTION

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

## PARTIES

4. Plaintiff is an individual who resides in the County of Adams, State of Colorado.

5. Plaintiff is a "consumer", as that term is defined by 15 U.S.C. § 1692a(3).

6. The Debt Collector is a Colorado corporation that collects debts from consumers in the State of Colorado.

7. The Debt Collector has a place of business at 5754 W. 11th Street, Suite 100, Greeley, Colorado 80634.

8. The Debt Collector maintains a registered agent of Michael V. Shoop, at 5754 W. 11th Street, Suite 100, Greeley, Colorado 80634.

9. The Debt Collector regularly attempts to collect debts from consumers alleged to be due another.

10. The Debt Collector is engaged in the collection of debts from consumers using the mail and telephone.

11. The Debt Collector is engaged in a business, the principal purpose of which is the collection of debts.

12. The Debt Collector is a "debt collector", as that term is defined by 15 U.S.C. § 1692a(6).

## FACTS

13. The Debt Collector is attempting to collect a debt (the "**Debt**") that Plaintiff allegedly owes to the University of Colorado Medicine (the "**Creditor**").

14. The Debt is an obligation that was allegedly incurred primarily for personal, family, or household purposes. To wit, the Debt is a medical bill.

15. The Debt is a "debt", as that term is defined by 15 U.S.C. § 1692a(5).

16. In 2019, Plaintiff sent a written dispute to the Debt Collector concerning the Debt.

17. The Debt Collector claims not to have received the dispute, but was later alerted to the dispute after Plaintiff filed a complaint with the Consumer Financial Protection Bureau.

18. The Debt Collector later acknowledged that Plaintiff disputed the Debt.

19. On or about March 13, 2020, the Debt Collector sent a debt verification and dispute request to Plaintiff (the "**Verification Response**").

20. The Verification Response consists of a letter from the Debt Collector, an invoice from the Creditor, and an itemized billing statement from the creditor.

21. The Verification Response states in the letter, with an asterisk, that the "Total Amount Due" is $390.54.

22. In the invoice, which is dated March 12, 2020, and the Creditor states that the total amount due is $359.14.

23. In the billing statement, which is not dated, states that the "Original" and "Balance Due" is $359.14.

24. The billing statement contains an asterisk that, though a non-sequitur, states that the "statement may not reflect all transactions, charges, or fees."

25. The asterisk does not refer to interest.

26. The billing statement does not refer to the accumulation of interest because the Creditor does not charge interest.

27. Instead, the Debt Collector unilaterally adds interest after the Creditor has waived its right to collect interest.

28. The difference between the amount reflected on the billing statements and the letter is the interest that the Debt Collector is not permitted to add.

29. In the Verification Response, the Debt Collector acknowledged that the Plaintiff had disputed the Debt.

30. In the Verification Response, the Debt Collector stated that it would report the Debt as disputed to any and all consumer reporting agencies to whom the Debt Collector furnishes information.

31. On April 12, 2020, the Debt Collector furnished an update to Experian.

32. On April 12, 2020, the Debt Collector reported that the Debt's unpaid balance was $359.

33. On April 12, 2020, the Debt Collector failed to communicate that the Debt was disputed.

### COUNT I
### (Violations of the FDCPA, 15 U.S.C. § 1692 *et seq.*)

34. Plaintiff incorporates by reference all of the foregoing allegations as though fully set forth herein.

35. At all times material hereto, Plaintiff was a "consumer", as that term is defined under 15 U.S.C. § 1692a(3).

36. At all times material hereto, the Debt the Debt Collector was attempting to collect was a "debt", as that term is defined under 15 U.S.C. § 1692a(5).

37. At all times material hereto, the Debt Collector was a "debt collector", as that term is defined under 15 U.S.C. § 1692a(6).

38. The FDCPA prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt. These prohibitions include, but are not limited to, making a "false representation of . . . the character, amount or legal status of any debt"; "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed"; and "[t]he

use of any false representation or deceptive means to collect or attempt to collect any debt . . . ." 15 U.S.C. § 1692e(2)(A), (8), and (10),

39. The Debt Collector has violated 15 U.S.C. § 1692e, including 1692e, 1692e(2)(A), 1692e(8), and 1692e(10).

40. The FDCPA prohibits the use of "unfair and unconscionable means to collect any debt." 15 U.S.C. § 1692f. This includes "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1).

41. The Debt Collector has violated 15 U.S.C. § 1692f, including 1692f(1).

42. The foregoing acts of the Debt Collector constitute violations of the FDCPA.

43. Plaintiff is entitled to statutory damages in an amount to be determined at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Javier Garcia prays for relief and judgment against Professional Finance Company, Inc., as follows:

1. Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

2. Awarding Plaintiff his reasonable attorney fees and costs incurred in this action, pursuant to 15 U.S.C. § 1692k;

3. Awarding Plaintiff pre-judgment and post-judgment interest as may be allowed under the law; and

4. Awarding such other and further relief as the Court may deem just and proper.

**TRIAL BY JURY**

Plaintiff is entitled to and hereby demands a trial by jury.

Dated: June 9, 2020

                                  Respectfully submitted,

                                  /s/ Daniel J. Vedra
Daniel J. Vedra
Vedra Law LLC
1444 Blake Street
Denver, CO 80202
Phone: (303) 937-6540
Fax: (303) 937-6547
Email: dan@vedralaw.com